# Illinois Official Reports

## Appellate Court

---

### *In re Jaheim W.*, 2020 IL App (1st) 191748

---

| | |
|---|---|
| Appellate Court Caption | *In re* JAHEIM W., a Minor (The People of the State of Illinois, Petitioner-Appellee, v. Jaheim W., Respondent-Appellant). |
| District & No. | First District, First Division<br>No. 1-19-1748 |
| Filed<br>Rehearing denied | February 10, 2020<br>March 10, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 18-JD-2122; the Hon. Kristal Royce Rivers, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, and Jonathan Pilsner, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, David Iskowich, and Jessica L. Wasserman, Assistant State's Attorneys, of counsel), for the People. |
| Panel | PRESIDING JUSTICE GRIFFIN delivered the judgment of the court, with opinion.<br>Justices Hyman and Pierce concurred in the judgment and opinion. |

**OPINION**

¶ 1    Respondent, Jaheim W., was adjudicated delinquent for aggravated unlawful use of a weapon and unlawful possession of a firearm. He was sentenced to two years' probation. Respondent appeals the trial court's judgment on the basis that he was not proved guilty beyond a reasonable doubt. We affirm.

¶ 2                                    BACKGROUND

¶ 3    On December 29, 2018, respondent was in a vehicle that was stopped by police. The vehicle drove past the officers' vehicle with its high beams turned on, so the officers began to follow the vehicle. The officers noticed that there were four individuals in the vehicle's back seat, with one passenger sitting on another passenger's lap. When the officers initially attempted to stop the vehicle by activating their emergency lights, the vehicle briefly stopped but then pulled away when the officers exited their vehicle to approach.

¶ 4    The officers reentered their vehicle and pursued the vehicle, and the vehicle stopped again a half block further down the road. At that point, one of the passengers got out of the vehicle and fled on foot. Two police officers chased the passenger that fled from the vehicle and two other officers approached the vehicle.

¶ 5    Officer Blocker, one of the Chicago police officers on scene, testified that when she approached the vehicle, she saw respondent sitting in the middle of the backseat wearing a yellow hooded sweatshirt and holding a gun in his right hand. She told respondent to drop the object that was in his hand. Respondent complied, and he eventually kicked the gun underneath the seat in front of him. The five occupants of the vehicle were detained, and Officer Blocker recovered a gun from the vehicle in the same spot that she had seen respondent kick it under the seat.

¶ 6    Respondent testified in his own defense that he did not have a gun and had only been holding his phone, not a weapon. He testified that it was indeed him that was in the middle of the backseat wearing a yellow hooded sweatshirt but that he did not have a gun. Respondent testified that the only movement he made when the officers approached was to put his phone in his pocket. Respondent also testified that he is left-handed and is a lefty baseball pitcher, suggesting that he would not be holding a gun in his right hand if he had possessed one.

¶ 7    The State did not introduce the gun as evidence at trial, nor did it introduce any photographs of the gun. The trial judge found Officer Blocker to have been a credible witness. Conversely, the trial judge found that respondent's testimony was not credible. The court adjudicated respondent delinquent on one count of aggravated unlawful use of a weapon and one count of unlawful possession of a firearm. The court sentenced respondent to two years' probation. He now appeals his adverse adjudications of delinquency.

¶ 8                                     ANALYSIS

¶ 9    Respondent was adjudicated delinquent on charges of unlawful use of a weapon and unlawful possession of a firearm. The charges upon which respondent was adjudicated delinquent required the State to prove that respondent carried a firearm, specifically a handgun, on his person and that he did so in public and while being under the age of 21 (and under the age of 18). See 720 ILCS 5/24-1.6(a)(1), 24-3.1(a)(1) (West 2018).

¶ 10    On appeal, respondent argues that the State failed to adequately prove that the item respondent possessed was "a firearm" or, specifically, "a handgun." In particular, respondent argues that the State did not prove him guilty beyond a reasonable doubt because Officer Blocker only testified that she "believed" the item that respondent possessed was "a firearm" and because the State offered no evidence of a firearm's existence other than Officer Blocker's testimony. In addition, respondent argues that the State failed to prove him guilty beyond a reasonable doubt because the only potential evidence supporting a conclusion that respondent possessed "a handgun" was Officer Blocker's testimony that the item she believed to be a firearm was of the size that could be concealed on a person. Respondent argues that Officer Blocker's reference to the size of the purported weapon was insufficient to prove that it was "a handgun" and that the State failed to meet its burden of proof where it did not offer any other evidence about the type of the purported firearm or any meaningful identifying characteristics of it.

¶ 11    The fourteenth amendment to the United States Constitution (U.S. Const., amend. XIV) requires that the government prove each element of a crime beyond a reasonable doubt before a person may be convicted of a crime. *In re Winship*, 397 U.S. 358, 363-64 (1970). On appeal, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *People v. Ross*, 229 Ill. 2d 255, 272 (2008). It is not the reviewing court's function to retry the defendant. *People v. Ware*, 2019 IL App (1st) 160989, ¶ 45. A reviewing court will not substitute its judgment for that of the trier of fact, and we will not reverse a conviction for insufficient evidence unless the evidence admitted is so unreasonable, improbable, or unsatisfactory that it raises a reasonable doubt of defendant's guilt. *Id.*

¶ 12    Defendant argues that the State failed to prove that he had a "firearm." Under the Criminal Code of 2012, and as used in the statutory section relevant here, "firearm" has the meaning ascribed to it in section 1.1 of the Firearm Owners Identification Card Act. 720 ILCS 5/2-7.5 (West 2018). Under the Firearm Owners Identification Card Act, "firearm" means "any device, by whatever name known, which is designed to expel a projectile or projectiles by the action of an explosion, expansion of gas or escape of gas," with certain delineated exclusions not applicable here. 430 ILCS 65/1.1 (West 2018).

¶ 13    Defendant also argues that the State failed to prove that he had a "handgun." Under the Criminal Code of 2012, and as used in the statutory section relevant here, "handgun" has the meaning given to it in section 5 of the Firearm Concealed Carry Act. 720 ILCS 5/24-1.6(a-5) (West 2018). Under the Firearm Concealed Carry Act, "handgun" means "any device which is designed to expel a projectile or projectiles by the action of an explosion, expansion of gas, or escape of gas that is designed to be held and fired by the use of a single hand," with certain delineated exclusions not applicable here. 430 ILCS 66/5 (West 2018).

¶ 14    Respondent argues that the State failed to prove that he possessed a "firearm" and specifically a "handgun." Respondent contends that Officer Blocker's testimony was insufficient to prove that the item met the statutory definitions because she did not provide "objective facts" to substantiate her testimony that respondent had a gun. Respondent's position and the supporting analysis he provides are not supported by the facts elicited at trial.

¶ 15    Officer Blocker testified that she approached the vehicle and that respondent was inside wearing a yellow hooded sweatshirt. She said respondent had "a gun" in his hand. Her flashlight was pointing right at "the gun." The State then asked her, "and when you observed

- 3 -

the firearm, where were you standing exactly?" Officer Blocker responded that she was standing "right on the passenger back part of the vehicle, right at the window." The State continued, "And why did you—how did you understand or come to believe that what [respondent] had in his hand was a firearm?" Officer Blocker responded that she had "recovered many firearms throughout [her] career and just through training and experience." The trial court accepted her testimony—it believed that she saw defendant with what she knew, in her experience, to be a gun.

¶ 16    Officer Blocker further testified that she ordered respondent to drop "the firearm" and, when he eventually did so, he kicked it under the seat. Shortly thereafter, the occupants of the vehicle were detained, and Officer Blocker entered the vehicle and "went immediately to the area where [she] saw 'the gun' get kicked and recovered 'the firearm.' " The State asked her, "did you secure 'that firearm'?" Officer Blocker testified, "yes, ma'am." The trial court accepted her testimony—it believed that she recovered what, in her experience, was a gun. Accepting Officer Blocker's testimony, there was an unbroken visual chain from when she saw the weapon in respondent's hand to when she recovered the item and confirmed it was a gun.

¶ 17    Respondent's protestations about the lack of "objective facts" miss the mark. The existence of "a gun" is itself an objective fact. Officer Blocker's testimony, that the trial court found credible, established that she saw and recovered "a gun," which is exactly what the statute demands. True, Officer Blocker did not testify that what she saw and recovered was a device designed to expel a projectile, but she testified that it was, in fact, *a gun*. Any semantical dissection of her testimony belies reason and ignores the central fact that she saw a gun and recovered a gun—not a toy gun, not a BB gun, but a gun.

¶ 18    The trial court was more than entitled to accept that a police officer's training and experience would allow her to recognize a gun by sight and to confirm the existence of a gun through its recovery. Officer Blocker testified that she had recovered many "guns" before. We reject the notion that respondent presents—that an officer needs to describe certain specific characteristics of a recovered weapon in order for a trier of fact to find that a weapon meeting the statutory definition did exist.

¶ 19    The State was required to prove that what respondent possessed was a firearm. Officer Blocker testified that it was. The trial court believed her testimony and adjudicated respondent delinquent on that testimony. A single eyewitness's testimony in which the witness states that she saw a gun is sufficient. See, *e.g.*, *People v. Wright*, 2017 IL 119561, ¶¶ 76-77; *People v. Washington*, 2012 IL 107993, ¶ 36. Respondent argues that the State was required to offer more than Officer Blocker's conclusion that the item she saw was a firearm. However, Officer Blocker's testimony about her observations constituted both a fact and a conclusion. She saw what objectively was a gun and thereby concluded it was a gun. She then confirmed through recovery what objectively was a gun. It is clearly apparent that when we review the evidence in the light most favorable to the State and draw all reasonable inferences in the State's favor, we must conclude that a rational person could find that an actual gun that meets the statutory definition existed in this case.

¶ 20    At least in part, respondent relies upon our recent decision in *People v. McLaurin*, 2018 IL App (1st) 170258, ¶¶ 26-27, *appeal allowed*, No. 124563 (Ill. May 22, 2019). In both *McLaurin* and in this case, the challenge on appeal was to the sufficiency of the evidence, so the cases must be taken on their own evidence and that case cannot apply absolutely. However,

to the extent *McLaurin* supports the proposition for which defendant cites it, that case is nonetheless readily distinguishable.[1]

¶ 21      In *McLaurin*, the officer that observed the defendant was 50 feet away when she saw the defendant with what she believed to be a weapon. *Id.* ¶ 3. Officer Blocker's testimony reveals that she was mere feet away from defendant with a clear, well-lit view of what he had in his hand. She shined her flashlight right at the gun. Officer Blocker testified that she was right up at the rear passenger window of the car and defendant was in the middle of the backseat. The officer in *McLaurin* "could not" identify anything about the object that she testified she had seen other than its chrome color. *Id.* ¶ 5. Officer Blocker testified that she had an unobstructed view of "the gun." Her observation of what she knew to be "a gun" was not challenged.

¶ 22      Further, in *McLaurin*, we observed that the gun that was recovered was not traceable to the gun that the police officer had supposedly seen the defendant possessing. *Id.* ¶ 22. We explained that "[i]t is unknown how the gun came to be located [in the place from which it was recovered]." *Id.* Here, there was no doubt as to how the gun became located in the area from which Officer Blocker retrieved it. Officer Blocker testified that she immediately recovered the same object she had observed to be a gun and then she confirmed through recovery that it was a gun. She testified, and the trial court credited her testimony, that she recovered the firearm from the same location that she saw respondent discard it when he was ordered to drop the weapon. *McLaurin* fails to persuade us that the trial court in this case could not have rationally come to the conclusion that it did.

¶ 23      Respondent also argues that the evidence was insufficient to establish that the firearm met the definition of a "handgun." Officer Blocker testified that when she approached defendant, he had the weapon in one hand—his right hand. The State also asked Officer Blocker whether the gun was of the size that it could be concealed upon the person. She responded in the affirmative. Respondent contends that this evidence was insufficient to prove that the item was a "handgun."

¶ 24      The trier of fact's conclusion that the State proved the existence of a handgun was supported by competent evidence. We must consider that evidence and the reasonable inferences that can be drawn therefrom. Taking the above evidence in a light most favorable to the State, it can be concluded that the State proved that the weapon Officer Blocker saw and recovered was a "handgun."

¶ 25      To prove that a firearm is a handgun, the State has to prove that it is "designed to be held and fired by the use of a single hand." 430 ILCS 66/5 (West 2018). Officer Blocker testified that respondent did, in fact, hold the firearm in a single hand. She also testified that the firearm was small and could be concealed on the person. Taking that evidence and the reasonable inferences therefrom in the light most favorably to the State, we cannot say that the trial court erred in finding that the State had proved that the firearm was a handgun. We reject respondent's contentions that the State failed to prove him guilty beyond a reasonable doubt.

¶ 26      While we find the evidence to be sufficient in this case, we do wish to express that when the State fails to produce the weapon, a photograph of it, or some other documentary evidence

---

[1]As expressed in the citation, the Illinois Supreme Court has granted review in *McLaurin*. While we do not portend to have any idea how the supreme court may rule in that case, it is fair to address its application with some caution. We, therefore, give due deference to our decision in that case, while we simultaneously examine its legal and factual underpinnings, avoiding blind adherence.

to substantiate its existence, it does so at its own peril. Had the trial court not absolutely credited Officer Blocker's testimony in this case, there likely would have been a failure of proof as to the existence of a firearm. In recognition of *McLaurin* and the other cases cited by respondent, courts are rightfully on high alert that the State must affirmatively prove the existence of a statutorily defined firearm to substantiate convictions on charges like those present in this case. Here, the State did prove the existence of a firearm and a handgun beyond a reasonable doubt, so respondent's challenges to the sufficiency of the evidence fail.

¶ 27                                        CONCLUSION
¶ 28              Accordingly, we affirm.

¶ 29              Affirmed.